IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

   v.                                                          No. 1:22-cr-00762-KWR

TEYO QUEZADA,

   Defendant.

**JOINT MOTION TO CONTINUE JANUARY 9, 2023 TRIAL DATE BY 90 DAYS**

Defendant Quezada, through counsel of record Justine Fox-Young (Justine Fox-Young, P.C.) and the United States, by Assistant United States Attorney David Hirsch, hereby move the Court to continue the trial date of January 9, 2023 by 90 days and as grounds therefore states as follows:

1. Mr. Quezada is charged in an indictment with possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a), knowingly using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm despite a prior felony in violation of 18 U.S.C. § 922(g)(1) and 924. *See* Doc. 15.

2. The case is presently set for trial beginning January 9, 2023. *See* Doc. 28.

3. The parties respectfully requests a continuance in order to complete several vital tasks. Specifically, Mr. Quezada requests an additional 90 days from the current

1

setting to continue reviewing discovery with counsel, to prepare for trial, as well as to prepare pretrial motions and to engage in plea negotiations.

4. Mr. Quezada and his counsel will not be able to complete these tasks in the absence of this 90-day continuance.

5. Mr. Quezada and the Government assert that the 90 day continuance is necessary in order to continue plea negotiations in this case.

6. Counsel believes a 90-day continuance of the motions deadline and the trial setting, respectively, to be the minimum that will be sufficient to complete the above tasks.

7. Mr. Quezada's right to the effective assistance of counsel includes adequate time to prepare for trial. Without adequate time to prepare for trial, Mr. Quezada will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for [] counsel to consult with the accused and to prepare his defense, could convert the [existence] of counsel into a sham….

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995)

8. Mr. Quezada agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Mr. Quezada and will permit him additional time to prepare and file pretrial motions, to further investigate this case, and to prepare for trial.

9. The undersigned counsel affirmatively state that the ends of justice will be served by granting this extension of time in which to file motions and a

continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009).

WHEREFORE, for all the foregoing reasons, counsel respectfully request that the Court enter an order continuing the January 9, 2023 trial date by 90 days.

Respectfully submitted,

JUSTINE FOX-YOUNG, P.C.

/s/
*Justine Fox-Young*
Justine Fox-Young
5501 Eagle Rock Ave. NE, Suite C2
Albuquerque, NM 87113
(505) 796-8268

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2023, I filed the foregoing pleading via CM-ECF, causing all registered parties to be served.

/s/ *Justine Fox-Young*
Justine Fox-Young